Thomas E. **PRICE**, Plaintiff-Appellant,

v.

Margaret M. **HECKLER**, Secretary of Health & Human Services, Defendant-Appellee.

No. 82–5870.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 1984.

Decided May 22, 1984.

Thomas D. Price, San Diego, Cal., for plaintiff-appellant.

D. Michael Waltz, San Diego, Cal., for defendant-appellee.

Before WALLACE and ALARCON, Circuit Judges, and MARQUEZ*, District Judge.

---

* The Honorable Alfredo C. Marquez, United States District Judge for the District of Arizona, sitting by designation.

1. At a de novo hearing, the ALJ determined he had no authority to rule on the constitutionality of 42 U.S.C. § 423(a) and (c) and upheld the application of the statute to appellant's case.

2. 42 U.S.C. § 423(a) provides in pertinent part:
(1) Every individual who
(A) is insured for disability insurance benefits
. . .
(B) has not attained the age of sixty-five,
(C) has filed application for disability insurance benefits, and

MARQUEZ, District Judge.

The sole issue for our decision is the constitutionality of the five month waiting period for entitlement to disability insurance benefits under 42 U.S.C. § 423(a)(1). This presents a matter of first impression. The district court held that the waiting period advanced legitimate legislative goals in a rational fashion and was therefore constitutional. Accordingly it found that Thomas E. Price was not entitled to benefits during the five month statutory waiting period. We affirm the judgment of the district court.

The appellant, Thomas E. Price, filed an application for disability insurance benefits on March 21, 1980. The Secretary found that appellant was disabled as of November 12, 1979, and awarded benefits effective May 1980, the first month after the five month waiting period required by 42 U.S.C. § 423(a) and (c). Appellant disagreed with the application of the five month waiting period. After exhausting his administrative remedies,[1] appellant brought an action in district court challenging the constitutionality of the statutory five month waiting period.

Section 223(a)(1) of the Social Security Act, 42 U.S.C. § 423(a)(1),[2] requires an individual to meet several criteria before becoming entitled to disability benefits. Completion of a "waiting period"[3] of five consecutive calendar months is one of those criteria.

The waiting period requirement was included in the Social Security Act to insure

(D) is under a disability ... shall be entitled to a disability insurance benefit (i) for each month beginning with the first month after his waiting period (as defined in subsection (c)(2) of this section) in which he becomes so entitled to such insurance benefits.

3. Waiting period is defined in 42 U.S.C. § 423(c)(2) as: "the earliest period of five consecutive calendar months—(A) throughout which the individual with respect to whom such application is filed has been under a disability ..."

that benefits would be paid only in those cases where the impairment was severe and long lasting, that is, where the impairment constituted a disability. "The six-month[4] waiting period is long enough to permit most temporary conditions to be corrected or to show definite signs of probable recovery. The fact that the worker will frequently be without income during that period would make it unprofitable for a person who could work not to do so." H. Report No. 1189, 84th Cong., 1st Sess. 6 (1955). The waiting period also served to reduce the cost of the Social Security program.[5]

The Supreme Court has granted a strong presumption of constitutionality to legislation conferring monetary benefits because the Court believes that Congress should have discretion in deciding how to expend necessarily limited resources. *Mathews v. DeCastro*, 429 U.S. 181, 97 S.Ct. 431, 434, 50 L.Ed.2d 389 (1976); *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976). The court does not sit as a "super-legislature to weigh the wisdom of legislation nor to decide whether the policy which it expresses offends the public welfare." *Day-Brite Lighting, Inc. v. Missouri*, 342 U.S. 421, 72 S.Ct. 405, 407, 96 L.Ed. 469 (1952); *Vance v. Bradley*, 440 U.S. 93, 99 S.Ct. 939, 949, 59 L.Ed.2d 171 (1979); *Hodel v. Indiana*, 452 U.S. 314, 101 S.Ct. 2376, 69 L.Ed.2d 40 (1981); *Schweiker v. Wilson*, 450 U.S. 221, 101 S.Ct. 1074, 1088, 67 L.Ed.2d 186 (1981).

A social and economic regulation will be upheld against constitutional challenges as long as the regulation has a rational relationship to a legitimate goal of government. *New Orleans v. Duke*, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976); *Williamson v. Lee Optical Co.*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). Under such a standard, the waiting period requirement must be upheld as constitutional. Limiting payment of benefits to cases of severe and long lasting disability serves a legitimate government goal of expending limited resources only on cases where a disability in fact exists. Imposing a uniform waiting period is a rational means by which to obtain this end.

The judgment of the lower court is affirmed.

---

**4.** Congress reduced the statutory waiting period from six to five months in 1972. Social Security Amendments of 1972, Pub.L. No. 92–603, Sec. 116(a), 86 Stat. 1350.

**5.** The estimate of the cost of the program was reduced by ten percent because of the waiting period requirement. See H. Report No. 1189, 84th Cong., 1st Sess. 13 (1955).