**Muriel LAUGER on Behalf of John LAUGER, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

No. CV 92–1443 H(LSP).

United States District Court, S.D. California.

March 18, 1993.

Anne V. Moore, San Diego, CA, for plaintiff.

Michael E. Quinton, Asst. U.S. Atty., San Diego, CA, for defendant.

## ORDER DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

HUFF, District Judge.

The plaintiff appeals the Secretary's denial of her application for disability benefits. Both the plaintiff and the defendant move for summary judgment. Because the court finds the denial of benefits did not violate substantive or procedural due process, the court grants the defendant's cross-motion for summary judgment.

The plaintiff's husband died on August 8, 1990. At the time of his death, the plaintiff was suffering from neck pain and was recovering from a hysterectomy performed in April 1990. In December 1990, she learned of social security burial benefits and contacted the social security office. An interview was arranged with the local social security office in for February 20, 1991. Prior to that time, a social security employee contacted the plaintiff and informed her that, in addition to burial benefits, she may be entitled to Title II social security disability benefits. On February 15, 1991, she submitted an application for the disability benefits, but her application was denied on February 20, 1991, due to untimeliness.

The plaintiff seeks reconsideration of the denial of disability benefits. After a hearing, an Administrative Law Judge ("ALJ") reaffirmed the denial of benefits, and the Appeals Council affirmed the decision. The plaintiff now seeks judicial review from this court.

■ 42 U.S.C. § 423(a)(1) provides for the payment of disability benefits if an application is filed within three months from the date of death. The section makes no exceptions for late filings. The plaintiff argues this time limitation is arbitrary and, thus, unconstitutional. Specifically, the plaintiff argues there is no rational basis for refusing to excuse late filings based on good cause.

■ The court must uphold economic regulations against constitutional challenge if the statute "has a rational relationship to a legitimate goal of government." *Price v. Heckler*, 733 F.2d 699, 701 (9th Cir.1984). Courts generally must be deferential to the government's determination of preferable means of regulation and will overturn such a determination only if it is "wholly arbitrary." *City of New Orleans v. Dukes*, 427 U.S. 297, 303–05, 96 S.Ct. 2513, 2517, 49 L.Ed.2d 511 (1976). The Supreme Court has granted a strong presumption of constitutionality to legislation conferring monetary benefits because the Court believes Congress should have discretion in deciding how to expend necessarily limited resources. *Mathews v. DeCastro*, 429 U.S. 181, 184–85, 97 S.Ct. 431, 434, 50 L.Ed.2d 389 (1976).

The court cannot hold that Congress's imposition of a time limit upon the receipt of benefits is arbitrary. The imposition of a time limitation ensures that the Social Security Administration will know with certainty the demands made upon a particular fund. The amount necessary to pay disability benefits would become substantially less certain if a good cause exception was allowed. Section 423(a)(1) does not become arbitrary merely because Congress has allowed longer time limitations in other sections governing the receipt of social security benefits. 42 U.S.C. § 402 provides for a "lump-sum death payment" if an application is filed within two years after the date of death. This longer time limitation does not necessarily render more restrictive time limitations irrational. For example, the payment under section 402 is limited to $255 per person. Disability benefits, however, are determined according to a complex formula set forth in 42 U.S.C. § 415. These payments could substantially exceed $255 per person. Thus, Congress may have determined a more restrictive time limitation is necessary in order to budget for larger expenditures. The court, therefore, finds the three-month time limitation is not arbitrary.

The court also finds the statutory section comports with procedural due process. To determine the procedures needed to comply with due process, the court must consider (1) the private interest affected by the governmental action, (2) the risk of an erroneous deprivation of such interest through the procedures used, and (3) the government's interest, including the fiscal and administrative burdens, that the additional procedure would entail. *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

The plaintiff has received full hearings on whether she is entitled to disability benefits and, specifically, the constitutionality of section 423 before an ALJ and this court. Contrary to the plaintiff's allegation, due process does not require the Social Security Administration to provide notice to all individuals who may be entitled to some payment of social security benefits. First, it is the plaintiff's burden to demonstrate eligibility for benefits. *Mathews,* 424 U.S. at 336, 96 S.Ct. at 903. Further, the cost in terms of resources and money to the Administration would be astronomical. This cost would substantially reduce the amount of benefits available for disabled individuals. Although the court is sensitive to the plaintiff's situation, the court finds procedural due process has been satisfied in this case.

Accordingly, the court grants the defendant's cross-motion for summary judgment and denies the plaintiff's motion for summary judgment.

IT IS SO ORDERED.